Robert KENNARD; the Board of Trustees of the Augusta City Library District and the City of Augusta, Kentucky, Appellants,

v.

The BRACKEN COUNTY LIBRARY BOARD OF TRUSTEES; the Bracken County Sheriff, Mike Nelson; the Bracken County Fiscal Court and the Bracken County Clerk, Mary Bauer, Appellees.

No. 93–CA–001828–MR.

Court of Appeals of Kentucky.

Nov. 11, 1994.

Harry D. Rankin, Mark F. Sommer, Covington, for appellants.

Douglas Miller, Cynthiana, for appellee, The Bracken County Library Bd. of Trustees.

Edward J. Rudd, County Atty. Successor to Michael A. Clark, Brooksville, for appellees, The Bracken County Sheriff, Mike Nelson; The Bracken County Fiscal Court and The Bracken County Clerk, Mary Bauer.

Before GUDGEL, SCHRODER and WILHOIT, JJ.

## OPINION

SCHRODER, Judge:

This is an appeal by the Board of Trustees of a city library from an order adjudging the subsequent establishment of and prospective tax levy for the county library district to be proper. We affirm.

On June 2, 1960, the City of Augusta's public library was established by way of city ordinance. Said library was funded by and through the general revenue funds of the city. The City of Augusta is located in Bracken County. In 1990, the Bracken County Library District was created by way of county ordinance. A petition containing 952 signatures was presented to appellee, Bracken County Fiscal Court, on May 30, 1990, specifically requesting the formation of a separate library taxing district. Following a public hearing on the matter, the Bracken County Fiscal Court established the Bracken County Library Taxing District.

On April 5, 1990, prior to the Bracken County Library Taxing District's being established, the Bracken County Attorney wrote the Kentucky Attorney General seeking an opinion regarding the formation and funding of a County Library Taxing District. The letter did not mention that the City of Augusta had already established a city library. On August 14, 1990, after the Bracken County Library Taxing District had been established, the mayor of Augusta wrote to the Attorney General seeking an opinion as to whether the residents of Augusta would be exempt from the proposed county library tax since the city had previously established their own library which was funded through general revenue funds of the city. In response to the city's letter, the Attorney General's office stated that while the city library was apparently organized under KRS 173.310, a county library could also be established pursuant to KRS 173.310 or a library district could be created in the county pursuant to KRS 173.450 to KRS 173.650. The response also referenced and attached the June 8, 1990 Attorney General's opinion responding to the Bracken County Attorney's letter of April 5, 1990. The June 8, 1990 opinion addressed how to establish a county library district under KRS 173.310(2), how to fund the library with a levy pursuant to KRS 173.310(4), and how to establish a library taxing district under KRS 65.182 and KRS 65.184. Said opinion letter did not directly address whether Bracken County could establish a library district when the City of Augusta has already established a library in the county.

On November 19, 1990, the Mayor of Augusta again wrote the Attorney General's office about the matter. The Attorney General's office responded on August 27, 1991 with a letter contradicting its previous opinion, that the county library district could not include the city's territory where the city has already established a library district, because KRS 173 makes no provisions for more than one library district in the same geographic area. On September 9, 1991, the Mayor informed the Bracken County Fiscal Court of the Attorney General's letter of August 27, 1991. Discussions were then had between the city and the county, but no agreement was reached.

On February 28, 1992, this action was filed by the City of Augusta challenging the county library district tax and seeking a declaration of rights regarding the two libraries. The Bracken County Circuit Court ultimately entered an order concluding, as a matter of law, that the City of Augusta's library was not funded through a tax levy pursuant to

KRS 173, the Augusta City Library is not a library taxing district under KRS 173, and taxing the residents of the City of Augusta for the Bracken County Library District does not constitute double taxation. This appeal by the City of Augusta and the Augusta City Library followed.

■ Appellants essentially raise two arguments on appeal—first, that there can only be one public library district in a county and the Augusta Library has already established such a public library district and, secondly, that requiring citizens of Augusta to pay the tax for the Bracken County Library constitutes impermissible double taxation. There is no case law interpreting KRS 173 as it relates to the issues raised by appellants. Both parties cite to various Kentucky Attorney General opinions which are on point, but by which we are not bound.

Appellants admittedly established the Augusta Library under KRS 173.300–KRS 173.410. KRS 173.310 provides in pertinent part:

Any governmental unit may provide library service for its inhabitants according to any one (1) of the following methods:

(1) The legislative body on its own initiative may establish an independent library.

A "governmental unit" is defined in KRS 173.300(1) as "any county or city; except a city of the first class and a county containing a city of the first class."

Appellees formed the Bracken County Library District pursuant to KRS 173.450–KRS 173.650. KRS 173.460 provides:

All of the territory in a county, or in two (2) or more counties contiguous to each other may be organized into a public library district for the purpose of levying a tax to pay for establishing, equipping, maintaining and administering libraries, or for contracting for library service from any existing library.

■ We do not disagree with appellants' contention that KRS 173 authorizes only one public library district per county. However, despite the fact that KRS 173.450–KRS 173.800 are the only sections that speak in terms of establishing a "public library district," appellants nevertheless maintain that the Augusta Library is a "public library district" according to the statute. In our view, a city library cannot constitute a "public library district" under KRS 173 because a city can organize a city library only under sections KRS 173.010–KRS 173.800. While KRS 173.310 allows counties or any governmental unit to establish libraries, it is only in sections KRS 173.450–KRS 173.800 that "the territory in a county" can be organized into a "public library district." As there is no mention of cities and the city does not encompass the entire territory within the county, we read KRS 173 as only allowing counties to form a "public library district" within the meaning of the statute. Such an interpretation of KRS 173 is supported by the language in KRS 173.395(1) which provides:

If a public library district is established under KRS 173.450 to 173.800, the legislative body of any city in such county that has established a library under KRS 173.310(1) or (2) *may* dissolve the city library for the purpose of consolidating library services in the public library district. Such dissolution shall have the effect of removing any tax levied under KRS 173.310 for the specific purpose of establishing and maintaining the city library. (Emphasis added.)

The word "may" in the above statute allows the city to dissolve their library in the event a "public library district" is established, but does not require such a dissolution. Hence, the statute contemplates the coexistence of a city library and a county public library district.

To further support our interpretation of KRS 173, we look to KRS 173.470(1) which states that "[public library] [d]istricts shall be organized in accordance with the procedures of KRS 65.182." In turning to KRS 65.182, we see that it sets out the procedure for *counties* to create a taxing district.

The lower court and appellees make much of the fact that the City of Augusta does not levy a tax to fund their library, but instead receives appropriations from the general revenue funds of the city. We do not see this as a determining factor in this case, as the city

is authorized to levy a tax to fund the library under KRS 173.310(4).

■ Appellants' second argument is that the tax for Bracken County Library District constitutes impermissible double taxation for those who live in Augusta. While the Augusta City Library is indirectly funded through city taxes, we nevertheless do not see that this results in impermissible double taxation. The citizens of Augusta are not being taxed twice for the same service. Rather, they are being taxed for a common service being provided by two different public entities. This is no different than being taxed for a city and county fire department, police department, etc.

For the reasons stated above, the judgment of the Bracken Circuit Court is affirmed.

All concur.